**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHELLE K. FRUITT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-07-1167-R |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Plaintiff's application for attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d)(1)(A). The Defendant Commissioner has responded to the motion stating he has no objection to the fee portion of the application, but that he does object to Plaintiff's request for reimbursement of her filing fee. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(3), and for the reasons stated herein, it is recommended that the Plaintiff's motion be granted in part and denied in part.

**I. ATTORNEY'S FEES**

The EAJA requires a court to "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., brought by or against the United States ... unless the court finds that the position of the United States was substantially justified..." 28 U.S.C. § 2412(d)(1)(A). As the Plaintiff obtained a reversal and remand, she is a prevailing

party for purposes of EAJA fees.

In addressing the issue of whether the Government's position was substantially justified, the test is reasonableness in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). The government has the burden of showing that its position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995). As noted, the Defendant Commissioner has stated that he has no objection to Plaintiff's motion except for reimbursement of the filing fee; therefore, he has not met his burden of showing that his position was substantially justified. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only issues before the court concern the reasonableness of the fee requested and whether or not Plaintiff can obtain reimbursement of her filing fee via a motion under the EAJA.

The Plaintiff seeks an attorney fee award of $ 5348.50, calculated as follows: 1.55 hours of work performed by her attorney in 2007 at a rate of $166.00 per hour and 29.60 hours of attorney work in 2008 at the rate of $172.00 per hour. Plaintiff's attorney has provided a detailed breakdown of time expended in representing the Plaintiff, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The Plaintiff has requested an upward adjustment of the statutory rate as reflected in the above calculation. Plaintiff has provided documentation supporting these hourly rates in the form of a letter dated October 2, 2008, from the Office of the

General Counsel, Region VI of the Social Security Administration. This letter shows that the Social Security Administration calculates the maximum hourly rate for attorney services based upon the yearly average Consumer Price Index for all Urban Consumers (CPI-U) to be $166.00 per hour for work performed in 2007; and $172.00 per hour for work performed in 2008. See Dewalt v. Sullivan, 963 F.2d 27, 29-30 (3rd Cir. 1992) (appropriate cost of living adjustment for EAJA is the CPI). See also Harris v. Sullivan, 968 F.2d 263, 265 (2nd Cir. 1992) (same). Based upon the record before the Court and the lack of objection by the Defendant Commissioner, the undersigned finds that the Plaintiff is entitled to her requested attorney fee award of $5,348.50. Said fee is payable to the Plaintiff. Manning v. Astrue, 510 F.3d 1246 (10th Cir. 2007), cert. denied ___ S.Ct. ___, 2008 WL 2195911 (Nov.3, 2008). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

**II. COSTS**

With regard to the filing fee, the Commissioner objects on grounds that such a cost must be reimbursed through the filing of a bill of costs. Commissioner's Response, p. 1. He further contends that because reimbursement of filing fees is specifically provided for in the general costs statute, 28 U.S.C. § 1920, they are excepted from the EAJA. Id. at 2 (citing 28 U.S.C. § 2412(a) and (d)(3)).

In her reply, Plaintiff argues that she does not seek reimbursement under § 1920, but under the EAJA. Plaintiff's Reply, p. 1. She further contends that while the EAJA

incorporates the definition of costs by reference to § 1920, it does not require the filing of a bill of costs. Id. Accordingly, she concludes that she is not required to comply with Local Civil Rule 54.1.  Id.

>Fed.R.Civ.P. 54(d)(1) provides:
>
>(d) Costs; Attorney's Fees.
>
>>(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action.

The concomitant local rule, Local Civil Rule 54.1, provides that a "prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C.§ 1920 shall file a bill of costs on the form provided by the Clerk" and that the bill of costs "shall be filed not more than 14 days after entry of judgment." Section 1920 provides:

>A judge or clerk of any court of the United States may tax as costs the following:
>
>(1) Fees of the clerk and marshal;
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>(3) Fees and disbursements for printing and witnesses;
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>(5) Docket fees under section 1923 of this title;
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
>A bill of costs shall be filed in the case and, upon allowance, included in the

judgment or decree.

28 U.S.C. § 1920.

The EAJA provides that "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title . . . may be awarded to the prevailing party in any civil action brought by or against the United States ...." § 2412(a)(1). The EAJA does not provide a deadline or any procedure for a prevailing party seeking costs.

Plaintiff cites authority from the Tenth Circuit Court of Appeals in which it allowed recovery of the filing fee as part of its EAJA award. Weakley v. Bowen 803 F.2d 575, 580 (10th Cir. 1986) ("Costs in the amount of $130.00 should also be awarded for filing fees"). Plaintiff also cites a case from this Court where the filing fee was awarded under the EAJA despite the same objection as that raised herein. Poolaw v. Barnhart, No. CIV-03-1751-H (W.D. Okla. June 2, 2005) (Heaton, J.).

Defendant cites three cases[1] in which the filing fee was disallowed in an EAJA application. However, the only order from those three cases which is readily available to the Court is that in Roman v. Barnhart, No. CIV-05-52-W, Order at n. 1 (W.D. Okla. May 23, 2008). In that order, Judge West disallowed the fee for plaintiff's failure to request it on the Court's Bill of Costs form. Id. The docket sheets in the other two cases do indicate that filing fees were disallowed. White v. Callahan, No. CIV-97-877-WEA (W.D. Okla. Feb. 18, 1998) (Doc. No. 21); Thomas v. Chater, No. CIV-96-741-W (W.D. Okla. Apr. 1, 1997) (Doc. No.

---

[1] Defendant did not comply with this Court's rule requiring a party to either quote from or attach authority which is not readily available. Local Civil Rule 7.1(f).

16).

For the following reasons, the undersigned finds that although the EAJA includes a provision addressing the recoverability of costs by a prevailing party against the United States, the *procedure* for applying for these costs is governed by Fed.R.Civ.P. 54(d) and Local Civil Rule 54.1.

Rule 54(d) contains three substantive elements: (1) costs are presumably allowed to a prevailing party unless a statute, rule, or court order provides otherwise; (2) costs against the United States are presumably not allowed, and can only be imposed "to the extent allowed by law"; and (3) the Clerk may tax costs, reviewable by the Court upon timely motion. The United States Supreme Court has held that the portion of Rule 54(d) providing that "'costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law'.... was merely declaratory and effected no change of principle." Reconstruction Finance Corp. v. J.G. Menihan Corp, 312 U.S. 81, 83 (1941). The governing principle is that "in the absence of a statute directly authorizing it, courts will not give judgment against the United States for costs or expenses." United States .v Worley, 281 U.S. 339, 344 (1930).

Accordingly, the most logical construction of § 2412(a)(1) is that it was intended to provide this direct authorization for the recovery of costs against the United States. Without this specific grant of authority, Fed.R.Civ.P. 54(d) itself would not allow a prevailing EAJA plaintiff to recover costs.

This construction also explains why § 2412(a)(1) contains no procedure for the

recovery of EAJA costs; the general procedure for the recovery of litigation costs is already provided for by Fed.R.Civ.P. 54(d). Furthermore, Plaintiff's construction of Local Civil Rule 54.1 to only require a Bill of Costs when recovery is sought *under* § 1920 makes no sense, as that section provides no substantive guidance as to when a party is entitled to costs in general – it only lists the categories of expenses that may be taxed as "costs."

Accordingly, the four provisions must be read together in order for a prevailing party to successfully recover its costs against the United States:

- Fed.R.Civ.P. 54 imposes costs against the United States when allowed by law;
- Section 2412(a)(1) allows the recovery of costs against the United States;
- Section 1920 specifies what expenses may be taxed as costs; and
- Local Civil Rule 54.1 sets forth the recovery procedure.

To construe § 2412(a)(1) as providing some alternative, free-standing means to recover costs would raise more questions than it answers, as it contains no procedure or deadline for the application itself.[2]

Finally, the undersigned notes that this construction is consistent with this Court's current and past practice. Galbraith v. Astrue, No. CIV-07-397-R, 2008 WL 4130279, at *1 (W.D. Okla. Aug. 29, 2008) (Russell, J.) (adopting Report and Recommendation of U.S. Magistrate Judge Shon Erwin that filing fee be denied as costs under EAJA for failure to

---

[2]The 30 day deadline contained in § 2412(d)(1)(B) applies to a "party seeking an award of fees and other expenses," and the definition of "other expenses" does not include costs. 28 U.S.C. § 2412(d)(2)(A).

7

comply with procedure and time limits in Local Civil Rule 54.1); Parkey v. Barnhart, No. CIV-02-450-W, Report and Recommendation, p. 3 (W.D. Okla. Aug. 21, 2003) (Couch, M.J.), adopted in Order, p. 2 (Sept. 16, 2003) (West, J.) (Sept. 16, 2003) (proper procedure for recovering costs allowed by EAJA is to file bill of costs under Local Civil Rule 54.1); Norris v. Apfel, No. CIV-00-315-W, Report and Recommendation, p. 3 (W.D. Okla. Dec. 7, 2000) (Argo, M.J.), adopted in, Order (Jan. 8, 2000) (West, J.) (denied costs in EAJA application for failure to follow Local Civil Rule 54.1); Hoshall v. Apfel, No. CIV-97-886-C, Report and Recommendation, p. 3 (W.D. Okla. Sept. 22, 1999) (Roberts, M.J.) adopted in Order (Oct. 20, 1999) (Cauthron, C.J.) (disallowing costs under EAJA for failure to file bill of costs under local rule); Leigh v. Apfel, No. CIV-97-285-R, Report and Recommendation, p. 3 (W.D. Okla. Feb. 18, 1997) (Purcell, M.J.) adopted in Order (Apr. 13, 1998) (Russell, J.) (costs denied for failure to file bill of costs within 14 days of judgment); Cochran v. Callahan, No. CIV-96-1454-R, Report and Recommendation, p. 2 (W.D. Okla. Sept. 30, 1997) (Purcell, M.J.) (filing fee is cost that must be recovered in compliance with the bill of costs procedure).

The undersigned has carefully considered the Tenth Circuit's opinion in Weakley v. Bowen  803 F.2d 575, 580 (10th Cir. 1986); however, there is no indication that there was any issue raised with regard to the recoverability of costs, or even whether the applicant in that case had complied with a bill of costs procedure. Likewise, although the filing fee was awarded by Judge Heaton in Poolaw v. Barnhart, No. CIV-03-1751-H (W.D. Okla. June 2, 2005), such was done without comment or analysis.

Accordingly, in light of Plaintiff's failure to comply with Local Civil Rule 54.1, it is recommended that her request for recovery of the filing fee as costs be denied.

## RECOMMENDATION

In accordance with the above, the undersigned recommends that the Plaintiff's motion for an attorney fee award [Doc. No. 23] be granted in part and denied in part; Plaintiff should be awarded $5348.50 as a reasonable attorney fee, and denied her request for recovery of her filing fee in the amount of $350.00 as costs. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court on or before the 16th day of December, 2008, in accordance with 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED THIS 26th DAY OF NOVEMBER, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE